# EXHIBIT A

COPY

APR 1 2 2019

CLERK OF THE SUPERIOR COURT
J. ALONSO
DEPUTY CLERK

1 | Brad A. Denton, #016454
Brad@DentonPeterson.com
2 | Jay Parmelee, #034477
Jay@DentonPeterson.com

3

**DP | DENTON PETERSON, PC**
4 | ATTORNEYS & COUNSELORS AT LAW

1930 N. ARBOLEDA ROAD, SUITE 200
5 | MESA, ARIZONA 85213
TELEPHONE: (480) 325-9900
6 | FACSIMILE: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
7 | *Attorneys for Plaintiff, Cathy Ann Pierre*

8 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**
9

10 | Cathy Ann Pierre, an individual,                    Case No.  CV2019-091036

11 |              Plaintiff,

12 | vs.                                                **COMPLAINT**

13 | Berkadia Commercial Mortgage, LLC, a
Delaware limited liability company; and            (Jury Trial Requested)
14 | JOHN or JANE DOES 1 through 10,
15 | inclusive,

16 |              Defendants.

17

18 |         Plaintiff, Cathy Ann Pierre ("Pierre"), for her Complaint against Defendant, Berkadia

19 | Commercial Mortgage, LLC ("Berkadia"), hereby alleges as follows:

20 |                                          **PARTIES**

21 |     1.    Pierre is, and all times relevant hereto was, a resident of the County of Maricopa,

22 | State of Arizona.

23 |     2.    Berkadia is a Delaware limited liability company, registered to conduct business in

24 | and currently doing business in the State of Arizona.

25 |     3.    During all relevant times, Berkadia was Pierre's employer within the meaning of all

26 | applicable statutes.

27 |     4.    The true names and capacities of Defendants sued herein as John or Jane Does 1

28 | through 10, inclusive, are presently unknown to Pierre, who therefore sues such Defendants

1

by such fictitious names.  Pierre alleges that each fictitiously named Defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged.  Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when ascertained.

5.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment, guaranty, assignment, license, invitation, and/or relationship and with the full knowledge and consent of the remaining Defendants.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction in this matter pursuant to A.R.S. § 12-123.

7.     Venue is proper in this Court pursuant to A.R.S. §§ 12-401 *et seq.* because Berkadia maintains offices in this county, conducts business in this county, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this county, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

8.     Pierre has exhausted her administrative remedies and complied with all statutory prerequisites to her Arizona Civil Rights Act ("ACRA") claims.  Pierre filed a charge of gender and racial discrimination and retaliation against Berkadia with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2018.  The EEOC and the Office of the Arizona Attorney General ("AAG") have a work sharing agreement, whereunder filing a charge with the EEOC also files a charge with the AAG's Division of Civil Rights Section. By notice dated January 14, 2019, the AAG issued a Notice of Right to Sue for Pierre's ACRA claims.  This complaint is made within 90 days of the AAG's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

9.     Pierre is an African-American woman.  She suffers from a disability.

DENTON PETERSON, PC
ATTORNEYS · ADVISORS · COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

1   10.   Pierre was offered employment by Berkadia on or about August 20, 2018, as an

2   Executive Assistant.  In addition to a base salary, the offer letter stated that Pierre would

3   "participate in the Branch Pool Plan."

4   11.   The Branch Pool Plan is and was Berkadia's bonus system.

5   12.   Pierre began her employment with Berkadia on August 31, 2015.

6   13.   Pierre received bonuses in 2015 and 2016, but not in 2017 or the beginning of 2018.

7   14.   In or around April 2018, Pierre informed Berkadia of her disability and requested

8   intermittent Family and Medical Leave Act ("FMLA") leave.

9   15.   On or about April 23, 2018, after Pierre informed Berkadia of her disability, Pierre

10   was placed on a Performance Improvement Plan ("PIP") for alleged attendance and

11   performance issues by her immediate supervisor, Charlie Williams, and Human Resource

12   Manager, Danielle D'Andrea.

13   16.   Pierre had not received any negative performance appraisals, written or oral, prior to

14   being placed on the PIP.

15   17.   During the conversation informing her of the PIP, Pierre complained to that non-

16   black employees were not held to the same attendance policy and performance standards.

17   She also complained about being denied equal opportunity to participate in the Branch Pool

18   Plan as she had not received a bonus in 2017 or the beginning of 2018.

19   18.   Pierre returned to work from leave on June 5, 2018.

20   19.   On or about June 6, 2018, Berkadia's Transaction Manager, Ted Harrison, subjected

21   Pierre to harassing comments for taking FMLA leave.

22   20.   On July 16, 2018, Berkadia began a retaliatory investigation into Ms. Pierre's work

23   attendance, which found no irregularities on Ms. Pierre's part.

24   21.   Due to the continued harassment and retaliation by Pierre, Pierre was constructively

25   discharged in August 2018.

26   <u>COUNT I</u>

27   **Race Discrimination in Violation of the ACRA**

28   22.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

23. The ACRA, at A.R.S. § 41-1463(B)(1) and (2), prohibits discrimination on the basis of race, color, or national origin.

24. Pierre belongs to a minority protected class in that she is African-American.

25. Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, and constructive termination because of her race.

26. Other employees outside of Pierre's protected class were treated more favorably.

27. Pierre was subjected to a hostile work environment by Berkadia because of her race.

28. Pierre was subjected to race-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

29. Berkadia knew or should have known that Pierre was experiencing racial discrimination and failed to take remedial action to prevent or promptly correct the harassment.

30. Berkadia is vicariously liable for the hostile work environment created by its employees.

31. Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

32. As a result, Pierre was harmed in an amount to be proven at trial.

## COUNT II

### Disability Discrimination in Violation of the ACRA

33. Pierre reasserts and re-alleges each and every paragraph as if restated herein.

34. The ACRA, at A.R.S. § 41-1463(B)(1) and (2), prohibits discrimination on the basis of disability.

35. Pierre belongs to a minority protected class in that she is disabled.

36. Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, harassment, and constructive termination because of her disability.

37. Other employees outside of Pierre's protected class were treated more favorably.

DP DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

38.   Pierre was subjected to a hostile work environment by Berkadia because of her disability.

39.   Pierre was subjected to disability-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

40.   Berkadia knew or should have known that Pierre was experiencing disability discrimination and failed to take remedial action to prevent or promptly correct the harassment.

41.   Berkadia is vicariously liable for the hostile work environment created by its employees.

42.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

43.   As a result, Pierre was harmed in an amount to be proven at trial.

## COUNT III

### Retaliation in Violation of the ACRA

44.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

45.   The ACRA, at A.R.S. § 41-1464(A), prohibits retaliation against an employee who engages in a protected activity, including taking protected leave for a disability and opposing racial and disability discrimination.

46.   Pierre belongs to a minority protected class in that she is African-American and disabled.

47.   Pierre engaged in protected conduct when she took FMLA leave for her disability and made complaints to Berkadia opposing discrimination based on race.

48.   Because of her complaints, Pierre was subjected to adverse employment actions including, *inter alia*, false investigations and termination.

49.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination, harassment, and retaliation, that a reasonable person would have been forced to resign.

50.   As a result, Pierre was harmed in an amount to be proven at trial.

WHEREFORE, Pierre prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Declaring the acts and practices complained of herein in violation of the ACRA;

B. An award of damages for all counts in an amount to be proven at trial:

C. Granting a judgment requiring Berkadia to pay actual damages incurred by Pierre;

D. An award of compensatory and punitive damages in an amount to be proven at trial;

E. An award of back pay and front pay;

F. Pre- and post-judgment interest;

G. Reasonable attorneys' fees, costs, and other expenses; and,

H. For such other relief as this Court deems just.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED this 12th day of April, 2019.

DENTON PETERSON, P.C.

Brad A. Denton
Jay Parmelee
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
*Attorneys for Plaintiff, Cathy Ann Pierre*

DENTON PETERSON, PC
ATTORNEYS AND COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

# EXHIBIT B

1
Brad A. Denton, #016454
Brad@DentonPeterson.com

2
Jay Parmelee, #034477
Jay@DentonPeterson.com

3

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

4

5
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, ARIZONA 85213

6
TELEPHONE: (480) 325-9900
FACSIMILE: (480) 325-9901

7
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
*Attorneys for Plaintiff, Cathy Ann Pierre*

8
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9
**IN AND FOR THE COUNTY OF MARICOPA**

10
Cathy Ann Pierre, an individual,        Case No.   **CV2019-091036**

11
Plaintiff,

12
vs.                                     **SUMMONS**

13
Berkadia Commercial Mortgage, LLC, a
Delaware limited liability company; and   If you would like legal advice from a lawyer,

14
JOHN or JANE DOES 1 through 10,           Contact the Lawyer Referral Service at
602-257-4434

15
inclusive,                                or
www.maricopalawyers.org

16
Defendants.                               Sponsored by the
Maricopa County Bar Association

17

18
THE STATE OF ARIZONA to the following Defendant:

19
Berkadia Commercial Mortgage, LLC

20

21
1. A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are
served on you with this "Summons".

22

23
2. If you do not want a judgment or order taken against you without your input, you must file
an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file

24
an "Answer" or "Response" the other party may be given the relief requested in his/her Petition
or Complaint.  To file your "Answer" or "Response" take, or send, the "Answer" or "Response"

25
to the:

26
• Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona

27
85003-2205 OR

28

1

- Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR
- Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR
- Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:
- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date _____

JEFF FINE, CLERK OF SUPERIOR COURT



By_____APR 1 2 2019_____

Deputy Clerk

CLERK OF THE SUPERIOR COURT
J. ALONSO
DEPUTY CLERK

2

# EXHIBIT C

Clerk of the Superior Court
*** Electronically Filed ***
C. Diaz, Deputy
6/10/2019 4:16:00 PM
Filing ID 10544381

Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
*Attorneys for Plaintiff, Cathy Ann Pierre*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Cathy Ann Pierre, an individual, | Case No. CV2019-091036 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT** |
| Berkadia Commercial Mortgage, LLC, a Delaware limited liability company; and JOHN or JANE DOES 1 through 10, inclusive, | (Jury Trial Requested) |
| Defendants. | |

Plaintiff, Cathy Ann Pierre ("Pierre"), for her Complaint against Defendant, Berkadia Commercial Mortgage, LLC ("Berkadia"), hereby alleges as follows:

### PARTIES

1.    Pierre is, and all times relevant hereto was, a resident of the County of Maricopa, State of Arizona.

2.    Berkadia is a Delaware limited liability company, registered to conduct business in and currently doing business in the State of Arizona.

3.    During all relevant times, Berkadia was Pierre's employer within the meaning of all applicable statutes.

4.    The true names and capacities of Defendants sued herein as John or Jane Does 1 through 10, inclusive, are presently unknown to Pierre, who therefore sues such Defendants by such fictitious names.  Pierre alleges that each fictitiously named Defendant acted or failed

1

to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when ascertained.

5.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment, guaranty, assignment, license, invitation, and/or relationship and with the full knowledge and consent of the remaining Defendants.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction in this matter pursuant to A.R.S. § 12-123 over Pierre's Arizona Civil Rights Act (ACRA) claims. It has concurrent jurisdiction pursuant to 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 1981, as interpreted by *Yellow Freight Syst. v. Donnelly*, 494 U.S. 820 (1990), over Pierre's Title VII, Americans with Disabilities Act ("ADA"), and other federal claims.

7.    Venue is proper in this Court pursuant to A.R.S. §§ 12-401 *et seq.* because Berkadia maintains offices in this county, conducts business in this county, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this county, and because the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

8.    Pierre has exhausted her administrative remedies and complied with all statutory prerequisites to her ACRA claims. Pierre filed a charge of racial and disability discrimination and retaliation against Berkadia with the Equal Employment Opportunity Commission ("EEOC") on August 8, 2018. The EEOC and the Office of the Arizona Attorney General ("AAG") have a work sharing agreement, whereunder filing a charge with the EEOC also files a charge with the AAG's Division of Civil Rights Section. The AAG issued a Notice of Right to Sue for Pierre's ACRA claims on January 14, 2019.   The EEOC issued a Notice of Right to Sue for Pierre's federal claims on April 26, 2019. The Complaint in this matter was

filed within 90 days of the issuance of the AAG's Notice of Right to Sue, and this Amended

Complaint is made within 90 days of the issuance of the EEOC's Notice of Right to Sue.

## **FACTUAL ALLEGATIONS**

9.     Pierre is an African-American woman.  She suffers from a disability.

10.     Pierre was offered employment by Berkadia on or about August 20, 2015, as an

Executive Assistant.  In addition to a base salary, the offer letter stated that Pierre would

"participate in the Branch Pool Plan."

11.     The Branch Pool Plan is and was Berkadia's bonus system.

12.     Pierre began her employment with Berkadia on August 31, 2015.

13.     Pierre received bonuses in 2015 and 2016, but not in 2017 or the beginning of 2018.

14.     On March 9, 2018, Pierre inquired of her immediate supervisor, Charlie Williams

("Williams"), why she had not received bonuses when they had been part of the offer to her.

15.     On April 4, 2018, Pierre informed Williams and her co-workers, Ted Harrison

("Harrison") and Stefanie van Beekum ("van Beekum") of her disability.

16.     On or about April 23, 2018, after Pierre informed Berkadia of her disability and had

inquired about her bonuses, Pierre was placed on a Performance Improvement Plan ("PIP")

for alleged performance issues by Williams and Human Resource Manager, Danielle

D'Andrea ("D'Andrea").

17.     Pierre had not received any negative performance appraisals, written or oral, prior to

being placed on the PIP.

18.     During the conversation informing her of the PIP, Pierre complained to Williams and

D'Andrea that non-black employees were not held to the same performance standards.  She

also complained about being denied equal opportunity to participate in the Branch Pool Plan

as she had not received a bonus in 2017 or the beginning of 2018.

19.     Being falsely placed on a PIP exacerbated Pierre's disability, and she sought medical

treatment.  Her doctor placed her on short term disability, during which Pierre took protected

Family and Medical Leave Act ("FMLA") leave.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

20.   Pierre returned to work from leave on June 5, 2018.  The majority of Pierre's duties remained with either van Beekum or with a temporary employee that Berkadia retained despite Pierre's return to work.

21.   On or about June 6, 2018, Harrison subjected Pierre to harassing comments for taking FMLA leave.

22.   On July 16, 2018, based on a "tip" from Harrison, Berkadia began a retaliatory investigation into Ms. Pierre's work attendance.  D'Andrea placed Pierre on administrative leave for two weeks so she could determine whether any wrongdoing had occurred.  Pierre was returned to work without further allegations of wrongful conduct.

23.   Despite Pierre's purported performance issues giving rise to the PIP and purported attendance issues, Berkadia paid a bonus to Pierre on or about September 7, 2018.

24.   Pierre sought additional medical advice and was placed on short term disability again beginning September 10, 2018.

25.   Berkadia did not attempt to engage in the interactive process with regards to Pierre's disability until September 28, 2018.  At that time, Berkadia employee Alexandra Gusa sent Pierre an email at 11:23 a.m. with paperwork that had to be returned by the end of the business day.  The paperwork had an incorrect job description attached, and Berkadia refused to send the right job description.

26.   Pierre attempted to communicate with Berkadia human resources by email through November 6, 2018.  Berkadia rarely responded to Pierre's emails, and the responses were always inadequate.

27.   Due to the continued harassment and retaliation by Berkadia, Pierre was constructively discharged on November 7, 2018.

## COUNT I

### Race Discrimination in Violation of the ACRA

28.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

29.   The ACRA, at A.R.S. § 41-1463(B)(1) and (2), prohibits discrimination on the basis of race, color, or national origin.

4

30.   Pierre belongs to a minority protected class in that she is African-American.

31.   Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, and constructive termination because of her race.

32.   Other employees outside of Pierre's protected class were treated more favorably.

33.   Pierre was subjected to a hostile work environment by Berkadia because of her race.

34.   Pierre was subjected to race-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

35.   Berkadia knew or should have known that Pierre was experiencing racial discrimination and failed to take remedial action to prevent or promptly correct the harassment.

36.   Berkadia is vicariously liable for the hostile work environment created by its employees.

37.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

38.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

39.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

40.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT II

### Disability Discrimination in Violation of the ACRA

41.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

42.   The ACRA, at A.R.S. § 41-1463(B)(1) and (2), prohibits discrimination on the basis of disability.

43.   Pierre belongs to a minority protected class in that she is disabled.

44.   Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, harassment, and constructive termination because of her disability.

45.   Other employees outside of Pierre's protected class were treated more favorably.

46.   Pierre was subjected to a hostile work environment by Berkadia because of her disability.

47.   Pierre was subjected to disability-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

48.   Berkadia knew or should have known that Pierre was experiencing disability discrimination and failed to take remedial action to prevent or promptly correct the harassment.

49.   Berkadia is vicariously liable for the hostile work environment created by its employees.

50.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

51.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

52.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

53.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT III

### Retaliation in Violation of the ACRA

54.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

DP  DENTON PETERSON, PC
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

55.   The ACRA, at A.R.S. § 41-1464(A), prohibits retaliation against an employee who engages in a protected activity, including taking protected leave for a disability and opposing racial and disability discrimination.

56.   Pierre belongs to a minority protected class in that she is African-American and disabled.

57.   Pierre engaged in protected conduct when she took FMLA leave for her disability and made complaints to Berkadia opposing discrimination based on race.

58.   Because of her complaints, Pierre was subjected to adverse employment actions including, *inter alia*, false investigations and constructive termination.

59.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination, harassment, and retaliation, that a reasonable person would have been forced to resign.

60.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

61.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

62.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT IV

### Race Discrimination in Violation of Title VII

63.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

64.   Title VII, at 42 U.S.C. § 2000e-2, prohibits discrimination on the basis of race or color.

65.   Pierre belongs to a minority protected class in that she is African-American.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

66.   Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, and constructive termination because of her race.

67.   Other employees outside of Pierre's protected class were treated more favorably.

68.   Pierre was subjected to a hostile work environment by Berkadia because of her race.

69.   Pierre was subjected to race-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

70.   Berkadia knew or should have known that Pierre was experiencing racial discrimination and failed to take remedial action to prevent or promptly correct the harassment.

71.   Berkadia is vicariously liable for the hostile work environment created by its employees.

72.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

73.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

74.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

75.   Berkadia's conduct was willful, wanton, and in reckless disregard of Pierre's federally protected rights, and was the proximate cause of significant injuries, damages, and losses incurred by Pierre, and Pierre is therefore entitled to punitive damages in an amount according to proof at trial.

76.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## COUNT V

### Disability Discrimination in Violation of the ADA

77.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

78.   The ADA, codified at 42 U.S.C. § 12101 *et seq.* makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

79.   Pierre belongs to a minority protected class in that she is disabled.

80.   Pierre was subjected to an adverse term of employment, including discrimination, withholding of bonuses, false investigations, harassment, and constructive termination because of her disability.

81.   Other employees outside of Pierre's protected class were treated more favorably.

82.   Pierre was subjected to a hostile work environment by Berkadia because of her disability.

83.   Pierre was subjected to disability-based discriminatory conduct that was unwelcome and sufficiently severe or pervasive so as to alter the conditions of her employment.

84.   Berkadia knew or should have known that Pierre was experiencing disability discrimination and failed to take remedial action to prevent or promptly correct the harassment.

85.   Berkadia is vicariously liable for the hostile work environment created by its employees.

86.   Pierre's working conditions were so intolerable, as a result of the unlawful discrimination and harassment, that a reasonable person would have been forced to resign.

87.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

88.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

89.   Berkadia's conduct was willful, wanton, and in reckless disregard of Pierre's federally protected rights, and was the proximate cause of significant injuries, damages, and losses incurred by Pierre, and Pierre is therefore entitled to punitive damages in an amount according to proof at trial.

90.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### COUNT VI

### Failure to Accommodate in Violation of the ADA

91.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

92.   The ADA makes it unlawful if an employer does not make "reasonable accommodations" available to the employee who has a known disability and who can perform the position's essential functions.

93.   Berkadia, by and through Williams, D'Andrea, and Harrison, failed to make reasonable accommodations available to Pierre, including failing to prevent or correct discriminatory and harassing behavior, notwithstanding  Pierre's proven ability to perform the essential functions required of her.

94.   Berkadia failed to engage in the interactive process.

95.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

96.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

97.   Berkadia's conduct was willful, wanton, and in reckless disregard of Pierre's federally protected rights, and was the proximate cause of significant injuries, damages, and losses incurred by Pierre, and Pierre is therefore entitled to punitive damages in an amount according to proof at trial.

98.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT VII

### Retaliation in Violation of Title VII and the ADA

99.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

100.   Title VII and the ADA make it unlawful for an employer to take an adverse action against an employee who has engaged in any practice that either statute protects, respectively.

101.   Pierre requested the reasonable accommodation that the discriminatory and harassing behavior that Williams, D'Andrea, and Harrison engaged in stop, and also requested equal treatment as to bonuses, behavior protected by Title VII and the ADA.

102.   As a direct and proximate result of Pierre's requests, Berkadia constructively discharged Pierre.

103.   Berkadia is liable for the intentional acts and omissions of its agents and employees.

104.   Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

105.   Berkadia's conduct was willful, wanton, and in reckless disregard of Pierre's federally protected rights, and was the proximate cause of significant injuries, damages, and losses incurred by Pierre, and Pierre is therefore entitled to punitive damages in an amount according to proof at trial.

106.   Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT VIII

### Violation of 42 U.S.C. § 1981

107.   Pierre reasserts and re-alleges each and every paragraph as if restated herein.

108.   Title 42 U.S.C. § 1981 ("Section 1981") provides, in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of person and property as is enjoyed by white citizens…

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

109. Pierre is a non-white African-American and is thus a member of a protected class under Section 1981.

110. Berkadia denied Pierre the protections against race discrimination and retaliation provided by Section 1981 in the terms and conditions of her employment and in constructively discharging her wholly or in part based upon her race.

111. Berkadia, at least by and through the conduct of its employees, including Williams, D'Andrea, and Harrison, discriminated against Pierre in the making or enforcement of their contracts with her, wholly or in part, because of her race.

112. Berkadia's deliberate acts constitute discrimination in violation of Section 1981.

113. Pierre's working conditions were so intolerable, as a result of the unlawful discrimination, harassment, and retaliation that a reasonable person would have been forced to resign.

114. Berkadia is liable for the intentional acts and omissions of its agents and employees.

115. Pierre has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Berkadia's violations of her civil rights as alleged herein. Pierre is reasonably certain to continue to suffer these damages in the future, all in an amount according to proof at trial.

116. Berkadia's conduct was willful, wanton, and in reckless disregard of Pierre's federally protected rights, and was the proximate cause of significant injuries, damages, and

DENTON PETERSON, PC
ATTORNEYS • COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

losses incurred by Pierre, and Pierre is therefore entitled to punitive damages in an amount according to proof at trial.

117. Pierre has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

## COUNT IX

### Breach of Contract

118. Pierre reasserts and re-alleges each and every paragraph as if restated herein.

119. Pierre and Berkadia entered into an employment contract whereby Pierre agreed to perform services and Berkadia agreed to pay wages and bonuses.

120. Berkadia materially breached that contract by failing and refusing to pay bonuses to Pierre in 2017 and early 2018.

121. Pierre performed all of her obligations under the contract except those excused from performance by Berkadia's continued breaches of the agreement.

122. Despite Pierre's demands, Berkadia has failed to cure its breaches of the contract.

123. As a direct and proximate result of Berkadia's breaches, Pierre has incurred damages in an amount according to proof at trial.

124. Because this matter arises out of contract, Pierre is entitled to an award of her reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, and/or all other applicable contractual, statutory, and legal authority, and her taxable costs pursuant to A.R.S. § 12-341.

## COUNT X

### Breach of Covenant of Good Faith and Fair Dealing

125. Pierre reasserts and re-alleges each and every paragraph as if restated herein.

126. Pierre and Berkadia entered into an employment contract whereby Pierre agreed to perform services and Berkadia agreed to pay wages and bonuses.

127. A covenant of good faith and fair dealing is implied in every contract in Arizona, which prevents a party from acting in such a manner as to destroy the right of the other parties to receive the benefit of the bargain.

13

128. Pierre has performed all of her obligations under the contract except those excused from performance by Berkadia's continued breaches of the contract.

129. Berkadia breached the covenant of good faith and fair dealing contained in the contract by, *inter alia*, failing and refusing to pay bonuses as promised, retaliating against Pierre by falsely placing her on a performance improvement plan when she confronted Berkadia about its failure to pay bonuses as promised, subjecting her to false investigations, and constructively terminating her.

130. Despite Pierre's demands, Berkadia has failed to cure its breaches of the covenant of good faith and fair dealing.

131. As a direct and proximate result of Berkadia's breaches, Pierre has incurred damages in an amount according to proof at trial.

132. Because this matter arises out of contract, Pierre is entitled to an award of her reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, and/or all other applicable contractual, statutory, and legal authority, and her taxable costs pursuant to A.R.S. § 12-341.

WHEREFORE, Pierre prays that this Court order such relief as is necessary to make her whole, including, without limitation:

    A. Declaring the acts and practices complained of herein in violation of the ACRA, Title VII, the ADA, and 42 U.S.C. § 1981;

    B. Granting a judgment requiring Berkadia to pay actual damages incurred by Pierre;

    C. An award of compensatory and punitive damages in an amount to be proven at trial as allowed by law;

    D. An award of back pay and front pay;

    E. Pre- and post-judgment interest;

    F. Reasonable attorneys' fees, costs, and other expenses; and,

    G. For such other relief as this Court deems just.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.


RESPECTFULLY SUBMITTED this 10th day of June, 2019.


**DENTON PETERSON, P.C.**


/s/ Jay Parmelee
Brad A. Denton
Jay Parmelee
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiff, Cathy Ann Pierre*

# EXHIBIT D

Clerk of the Superior Court
*** Electronically Filed ***
K. Dyer, Deputy
7/2/2019 8:34:00 AM
Filing ID 10614852

1

Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

**DP | DENTON PETERSON, PC**
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
*Attorneys for Plaintiff, Cathy Ann Pierre*

2

3

4

5

6

7

8

9

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA**

10

Cathy Ann Pierre, an individual,

Plaintiff,

vs.

Berkadia Commercial Mortgage, LLC, a
Delaware limited liability company; and
JOHN or JANE DOES 1 through 10,
inclusive,

Defendants.

11

12

13

14

15

16

Case No. CV2019-091036

**ACCEPTANCE OF SERVICE**

17

18

19

20

21

22

        Sara A. Begley of the law firm Holland & Knight LLP, hereby accepts service of the

First Amended Complaint, Summons and Complaint filed in the above-referenced action, as

if the same had been properly served upon the Defendant, Berkadia Commercial Mortgage,

LLC, outside of the State of Arizona, pursuant to the Arizona Rules of Civil Procedure.

Without waiving any rights herein, including the right to removal of the case to federal court,

a response to the First Amended Complaint will be due in thirty (30) days.

23

        DATED this 19th of June, 2019.

**HOLLAND & KNIGHT LLP**

24

25

*Sara A. B*

26

27

Sara A. Begley

28

1

# EXHIBIT E

Skip To MainContent

[                    ] [ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2019-091036 | Judge: | Crawford, Janice |
| File Date: | 4/12/2019 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Cathy Ann Pierre | Plaintiff | Female | Jay Parmelee |
| Berkadia Commercial Mortgage L L C | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/2/2019 | ACS - Acceptance Of Service | 7/5/2019 | |
| NOTE: Acceptance of Service/BERKADIA COMMERCIAL MORTGAGE LLC | | | |
| 6/19/2019 | 322 - ME: Notice Of Intent To Dismiss | 6/19/2019 | |
| 6/10/2019 | AMC - Amended Complaint | 6/12/2019 | |
| NOTE: First Amended Complaint | | | |
| 4/12/2019 | COM - Complaint | 4/17/2019 | |
| 4/12/2019 | CCN - Cert Arbitration - Not Subject | 4/17/2019 | |
| 4/12/2019 | CSH - Coversheet | 4/17/2019 | |
| 4/12/2019 | NJT - Not Demand For Jury Trials | 4/17/2019 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case No. **CV2019-091036**

~~CV2019-091036~~

CIVIL COVER SHEET – NEW FILING ONLY
(Please Type or Print)

preter Needed? ☐ Yes  ☐ No

what language(s):

CLERK OF THE SUPERIOR COURT
FILED

3:13PM APR 1 2 2019

J. Alonso, Deputy

Plaintiff's Attorney  Brad Denton; Jay Parmelee

Attorney Bar Number  016454; 034477

Plaintiff's Name(s): (List all)    Plaintiff's Address:         Phone #:        Email Address:

Cathy Ann Pierre c/o Denton Peterson, P.C., 1930 N. Arboleda, Suite 200, Mesa, AZ 85213 - 480-325-9900

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Berkadia Commercial Mortgage, LLC

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____   ☐ Tier 1   ☒ Tier 2   ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*
☐ 103 Wrongful Death\*

Case No._____

## 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence*

☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*

☐ 112 Product Liability – Toxic/Other*

☐ 113 Intentional Tort*

☐ 114 Property Damage*

☐ 115 Legal Malpractice*

☐ 115 Malpractice – Other professional*

☐ 117 Premises Liability*

☐ 118 Slander/Libel/Defamation*

☐ 116 Other (Specify)_____*

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*      ☐ 123 Hospital*

☐ 122 Physician D.O*      ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (i.e. Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ Special Action against Lower Courts

    (See Lower Court Appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge

    (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review

    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal

    (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☒ 183 Employment Dispute- Discrimination*

Case No._____

☐ 185 Employment Dispute-Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License

☐ 195(b) Amendment of Birth Certificate

☐ 163 Other*

_____

(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order      ☐ Provisional Remedy      ☐ OSC      ☐ Election Challenge

☐ Employer Sanction      ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

COPY

APR 1 2 2019

CLERK OF THE SUPERIOR COURT
J. ALONSO
DEPUTY CLERK

1  Brad A. Denton, #016454
   Brad@DentonPeterson.com
2  Jay Parmelee, #034477
   Jay@DentonPeterson.com
3
4  DP | DENTON PETERSON, PC
        ATTORNEYS & COUNSELORS AT LAW
5  1930 N. ARBOLEDA ROAD, SUITE 200
   MESA, ARIZONA 85213
6  TELEPHONE: (480) 325-9900
   FACSIMILE: (480) 325-9901
   HTTPS://ARIZONABUSINESSLAWYERAZ.COM
7  *Attorneys for Plaintiff, Cathy Ann Pierre*

8        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9          **IN AND FOR THE COUNTY OF MARICOPA**

10 Cathy Ann Pierre, an individual,        Case No.
                                           CV2019-091036
11
              Plaintiff,
12 vs.                                      **JURY DEMAND**

13 Berkadia Commercial Mortgage, LLC, a
   Delaware limited liability company; and
14 JOHN or JANE DOES 1 through 10,
   inclusive,
15
16            Defendants.
17

18     Plaintiff, by and through undersigned counsel, hereby demands a trial by jury.

19

20 RESPECTFULLY SUBMITTED this 12th day of April, 2019.

21                                    **DENTON PETERSON, P.C.**

22

23                                    Brad A. Denton
                                      Jay Parmelee
24                                    1930 N. Arboleda Road, Suite 200
25                                    Mesa, AZ 85213
                                      *Attorneys for Plaintiff*
26

27

28

1

CLERK OF THE SUPERIOR COURT
FILED
3:15 PM    APR 1 2 2019
J. Alonso, Deputy

Brad A. Denton, #016454
Brad@DentonPeterson.com
Jay Parmelee, #034477
Jay@DentonPeterson.com

**DP** | DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW

1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
HTTPS://ARIZONABUSINESSLAWYERAZ.COM
*Attorneys for Plaintiff, Cathy Ann Pierre*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Cathy Ann Pierre, an individual, | Case No. |
| Plaintiff, | CV2019-091036 |
| vs. | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| Berkadia Commercial Mortgage, LLC, a Delaware limited liability company; and JOHN or JANE DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff, by and through undersigned counsel, hereby certifies that it knows the dollar limits and any other limitations set forth by the Local Rules of Practice for the applicable Court, and further certifies that this case is not subject to compulsory arbitration.

RESPECTFULLY SUBMITTED this 12th day of April, 2019.

DENTON PETERSON, P.C.

Brad A. Denton
Jay Parmelee
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213
*Attorneys for Plaintiff*

1

Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
06/19/2019
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

06/15/2019

### COURT ADMINISTRATION

**Case Number:** CV2019-091036

**Cathy Ann Pierre**

**V.**

**Berkadia Commercial Mortgage L L C**

---

The Judge assigned to this action is the Honorable Janice Crawford

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 04/12/2019 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 07/11/2019. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.